SEALED
ORDERED UNSEALED on 12/1/2021  s/ anthonyh



FILED
Jul 31 2020
4:23 pm
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ vanessac    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

November 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br>MARK STEVEN CYPRIAN (1),<br>GEORGE EDWARD ANDERS (2),<br>ARNOLD GAY (3),<br>DARRYL RESHAWN LYNCH (4),<br><br>　　　　　Defendants. | Case No. '20 CR2285 CAB<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1) and 846 – Conspiracy to Distribute Controlled Substances; Title 18, U.S.C., Secs. 1956(h), 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Conspiracy to Launder Monetary Instruments; Title 21, U.S.C., Sec. 853, Title 18, U.S.C., Sec. 982(a)(1) – Criminal Forfeiture |

The grand jury charges:

Count 1

Beginning on a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California and elsewhere, defendants MARK STEVEN CYPRIAN, GEORGE EDWARD ANDERS, ARNOLD GAY, and DARRYL RESHAWN LYNCH, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 5 kilograms and more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and 400 grams and more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

MJS:nlv:San Diego:7/30/20

Count 2

Beginning on a date unknown to the grand jury and continuing to the date of this Indictment, within the Southern District of California and elsewhere, defendants MARK STEVEN CYPRIAN and ARNOLD GAY, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious distribution of controlled substances punishable under Title 21, United States Code, Chapter 13,

a. with the intent to promote the carrying on of such specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 and 2 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

2

2. Upon conviction of the felony offense alleged in Count 1 of this Indictment, said violation being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants MARK STEVEN CYPRIAN, GEORGE EDWARD ANDERS, ARNOLD GAY, and DARRYL RESHAWN LYNCH, shall forfeit to the United States all their rights, title and interest in any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this Indictment.

3. Upon conviction of the offense alleged in Count 2 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendants MARK STEVEN CYPRIAN and ARNOLD GAY, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

//

//

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

DATED: July 31, 2020.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.,
United States Attorney

By: _____
MATTHEW J. SUTTON
Assistant U.S. Attorney

By: _____
NICOLE BREDARIOL
Special Asst. U.S. Attorney